## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**MICHAEL BRYANT**                                                                   **PLAINTIFF**

**v.**                                                   **CAUSE NO. 1:22CV289-LG-RPM**

**SYNCOM SPACE SERVICES, LLC**                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND FINDING AS MOOT DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE EXPERT WITNESS

**BEFORE THE COURT** are Defendant Syncom Space Services, LLC's, [38] Motion to Dismiss pursuant to Rule 12(b)(6) and [40] Motion for Summary Judgment, as well as Plaintiff Michael Bryant's [36] Motion to Strike Expert Witness, David C. Randolph. The parties have fully briefed the Motions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Bryant has not demonstrated that Syncom owed him a duty under Mississippi law. Syncom is entitled to judgment as a matter of law.

### BACKGROUND

Bryant filed this lawsuit against Syncom seeking damages for a back injury he allegedly suffered while closing a bunker door at NASA's John C. Stennis Space Center in Pearlington, Mississippi. At the time of the alleged injury, Bryant worked for Ignite Fueling Innovation, Inc., which is a subcontractor for NASA. He was responsible for managing inventory that was stored in a secure bunker at Stennis.

(Def.'s Mot., Ex. C at 93, 97, 99, ECF No. 40-3).  He frequently entered the bunker in order to retrieve inventory.  (*Id.* at 80-81).

In October 2019, Bryant had difficulty opening and closing the bunker door, so he submitted a work order to the facility supervisor, Armand Serpas, concerning the door.  (Def.'s Mot., Ex. C at 96, 108, ECF No. 40-3).  Mr. Serpas forwarded the work order to Syncom on October 16, 2019.  (Def.'s Mot. Ex. E, ECF No. 40-5).  On January 14, 2020, Bryant once again had difficulty opening the door, so he put his leg on a wall for leverage and pulled with both hands.  (Def.'s Mot., Ex. C at 89, ECF No. 40-3).  This caused his back to twist, resulting in an injury to his lumbar spine.  (*Id.* at 91; Compl. at 2, ECF No. 1-1).  On January 27, 2020, Syncom adjusted the door in response to the work order it had received on October 16, 2019.  (Def.'s Mot. Ex. E, ECF No. 40-5; Pl.'s Mot., Ex. B, ECF No. 46-2).

Prior to Bryant's injury, Syncom had entered into a contract with NASA in which Syncom agreed to perform maintenance and repairs at Stennis.  (Def.'s Mot., Ex. B at 8, ECF No. 40-2; Def.'s Mot., Ex. D, ECF No. 40-4).  The contract provides that NASA may issue task orders to Syncom "on behalf of Other Federal, State, and Commercial Tenants or non-Commercial Tenants."  (*Id.* at 3) (capitalization in original).  The contract provides that "trouble calls" concerning Stennis's facilities should be prioritized as "1 (Emergency)," "2 (Urgent)," "3 (Priority)," "4 (Routine)," "5 ("Discretionary)," or" 6 (Deferred)."  (*Id.* at 2).  When prioritizing trouble calls, Syncom was required to consider safety, the environment, facility operations, the mission, and/or personnel use of the facilities.  (*Id.* at 220).  The contract provided

that the maximum repair time for routine work orders was ninety days. (*Id.* at 220, 222). The work order concerning the bunker door was classified as "routine," but the bunker door was repaired more than ninety days after the work order was submitted to Syncom. (*See* Def.'s Mot., Ex. B at 79, 85, ECF No. 40-2).

During the 30(b)(6) deposition of Syncom, Keith Fulton testified that these deadlines actually dictated whether Syncom was given an award fee, or "extra profit," for making a repair in a timely fashion. (*Id.* at 32, 73). Syncom has produced an affidavit signed by Gina H. Ladner, who serves as the Facilities Servcies Division Action Chief for NASA. (Def.'s Mot., Ex. 1 at 1, ECF No. 38-1). Ms. Ladner testified that "[r]epair requirements for [the bunker where Bryant was allegedly injured] are set at a low priority," and "[t]he deadlines under the Work Order Priority System would be aspirational for any priority greater than a '4.'" (*Id.*). However, the work order concerning the bunker door was classified as a "4 Routine," not greater than a "4." (*See* Def.'s Mot., Ex. B at 79, 85, ECF No. 40-2). Ms. Ladner further testified that "[d]eadlines under the Work Order Priority System may be altered when additional priorities enter the queue." (*Id.*).

In his Complaint, Bryant alleged that Syncom "manages the premises located at the aforementioned address and perform[s] maintenance at said location, and this defendant had a duty to maintain the premises in a reasonably safe work condition for Stennis'[s] employees." (Compl. at 2, ECF No. 1-1). He claimed that Syncom was negligent in the following ways:

A) [i]ts failure to ensure that the bunker door was properly installed;

B) [i]ts failure to repair the bunker door after being notified of its
dangerous condition;
C) [i]ts failure to properly inspect the bunker door;
D) [f]ailing to exercise the required degree of care commensurate with
the existing situation; and
E) [a]ny and all other acts of negligence and fault discovered and
shown at trial of this matter.

(*Id.* at 3).  Syncom filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and

a Motion for Summary Judgment.  Syncom seeks dismissal and/or summary

judgment on the bases that (1) it did not owe a duty to Bryant; (2) it did not breach

any duty owed under its contract with NASA; (3) Bryant has not produced evidence

or expert testimony that Syncom breached a duty or standard of care; (4) Bryant

opened the door in an "unreasonable and unnecessary manner"; and (5) Bryant has

not provided any expert testimony demonstrating causation.[1]  Bryant has moved to

strike or exclude the opinions of Syncom's proposed expert witness, Dr. David C.

Randolph.

## DISCUSSION

## I.  BRYANT'S MOTION TO STRIKE OR EXCLUDE EXPERT WITNESS, DR. DAVID C. RANDOLPH

Bryant moved to strike the opinions of Syncom's proposed expert witness, Dr.

David C. Randolph.  He claimed that Syncom did not timely designate Dr. Randolph

as an expert witness and that Dr. Randolph's opinions are duplicative and

---

[1] Those motions were partially based on premises liability law.  In response, Bryant
claimed that Syncom's reference to premises liability law was a "red herring."  (Pl.'s
Mem. at 7, ECF No. 46).  Since Bryant has disclaimed any assertion of premises
liability, the Court will not consider premises liability law while deciding the
pending Motions.

cumulative of Syncom's other medical experts.  In the alternative, Bryant argued that Dr. Randolph's opinions are speculative, unreliable, and inadmissible pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 582 (1993).  After reviewing Bryant's Motion and Memorandum, Syncom elected to withdraw its designation of Dr. Randolph, and it notified the Court by email that Bryant's Motion to Strike or Exclude is moot.  (*See* Notice of Withdrawal, ECF No. 45).  Bryant disagreed, noting that Syncom relied on Dr. Randolph's opinions in its Motion for Summary Judgment.

The Court has not read or considered Dr. Randolph's opinion while considering Syncom's request for summary judgment, but the Court has read and considered Bryant's Motion to Strike or Exclude Dr. Randolph, as requested by Bryant.  (Pl.'s Mem. at 1 n.1, ECF No. 47).  Since Dr. Randolph's opinions have not influenced or affected this Court's conclusions concerning Syncom's Motion for Summary Judgment, the Court finds that Bryant's Motion to Strike or Exclude is moot.

## II.  SYNCOM'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

### A.  APPLICABLE STANDARD OF REVIEW

Where, as here, a Rule 12(b)(6) motion to dismiss is filed after Defendants have filed an answer, it is untimely, but the Court is permitted to construe the motion as a Fed. R. Civ. P. 12(c) motion.  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  The standard of review applicable to Rule 12(c) motions is identical

to that of Rule 12(b)(6) motions. *Adams v. City of Harahan*, 95 F.4th 908, 911 (5th Cir. 2024).

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must assume that "all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When matters outside the pleadings are submitted and not excluded by the court, the motion to dismiss must be converted to a motion for summary judgment, and the parties must be given an opportunity to present material relevant to the Motion. Fed. R. Civ. P. 12(d). In this unusual situation where a defendant has simultaneously filed a motion to dismiss and a separate motion for summary judgment based on essentially the same arguments and both parties have submitted material outside the pleadings, the Court will consider Syncom's Motion for Summary Judgment. Syncom's Motion to Dismiss is moot.

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact, and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial

burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25. The non-movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## B.  ANALYSIS

"Negligence has four essential elements—duty, breach, causation, and damages." *Strickland on Behalf of Strickland v. Rankin Cnty. Sch. Dist.*, 341 So. 3d 941, 945 (Miss. 2022). "[W]hether a duty exists in a negligence case is a question of law to be determined by the court." *Enter. Leasing Co. S. Cent., Inc. v. Bardin*, 8 So. 3d 866, 868 (Miss. 2009). The plaintiff "must show . . . the existence of a duty to conform to a specific standard for the protection of others against the unreasonable risk of injury." *Id.* Duty is "the relation between individuals which imposes upon one a legal obligation for the benefit of the other . . . [i]n other words . . . whether the defendant is under any obligation for the benefit of the particular plaintiff." *Pace v. Cirrus Design Corp.*, 630 F. Supp. 3d 821, 825 (S.D. Miss. 2022), *aff'd*, 93

F.4th 879 (5th Cir. 2024) (citing Prosser, *The Law of Torts* 324 (4th ed. 1971)).  As a general rule, a duty can only arise from a "contract, or by the statutes of the state, or by a well-defined public policy." *Ga. Cas. Co. v. Cotton Mills Prods. Co.*, 132 So. 73, 75 (Miss. 1931), *overruled in part on other grounds by Hartford Acc. & Indem. Co. v. Foster*, 528 So. 2d 255, 265 n.3 (Miss. 1988).

The determination of whether Syncom owed Bryant a duty to repair the bunker door within a reasonable amount of time is complicated by the fact that Syncom would not owe any party any duty to repair the bunker in the absence of its contract with NASA.  "For the plaintiff to maintain an action for breach of contract or to recover damages, the plaintiff generally must have privity of contract with the defendant." *Pace*, 630 F. Supp. 3d at 825 (citing *Allgood v. Bradford*, 473 So. 2d 402, 415 (Miss. 1985); *Bissette v. Univ. of Miss. Med. Ctr.*, 282 So. 3d 507, 513 (Miss. Ct. App. 2019)).  A plaintiff can also seek relief for a defendant's breach of contract if the plaintiff is a third-party beneficiary of the contract.  *Pace*, 630 F. Supp. 3d at 825.  Bryant has not claimed that he has privity of contract with Syncom or third-party beneficiary status.  He cites two cases, *Harrison v. Otis Elevator Co.*, 935 F.2d 714 (5th Cir. 1991) and *Pemberton v. Pan Am. World Airways, Inc.*, 423 F.2d 426 (5th Cir. 1970), to support his claim that Syncom owed him a duty.  Unfortunately, these cases do not assist the Court in determining whether Syncom owed a duty to Bryant.  In *Harrison*, the Fifth Circuit held that, under Louisiana law, an elevator maintenance company's negligence caused an elevator malfunction that injured the

plaintiff.  935 F.2d at 717.  In *Pemberton*, the Fifth Circuit considered Florida law

while deciding a case concerning negligent forklift repair.  423 F.2d at 427.

On the other hand, the Mississippi Court of Appeals has provided analysis

that is applicable here:

> A "duty" can be assumed by contract or a gratuitous promise
> accompanied by detrimental reliance, but—although the distinction is
> not always maintained assiduously in our caselaw—not all contractual
> duties are duties of care.  *See* 65A C.J.S. *Negligence* § 774 (2010) ("An
> allegation only of a breach of a contractual duty is not sufficient
> although it describes such breach as negligence.").  In the context of an
> ordinary negligence action the duty of care is the requirement to
> conform to a specific standard for the protection of others against the
> unreasonable risk of injury.

*Clausell v. Bourque*, 158 So. 3d 384, 390-91 (Miss. Ct. App. 2015) (some internal

citations and quotation marks omitted).

The court of appeals further explained, "[T]he breach of a contract (whether

described as 'negligent' or not) is not actionable in tort under an ordinary negligence

theory unless breaching the contract also breached a duty of care recognized by tort

law.  There must be a duty of care 'fixed by law and independent of the contract.'"

*Id.* (quoting *Hazell Mach. Co. v. Shahan*, 161 So. 2d 618, 624 (1964)).

> The determination of whether an action is on contract or in tort
> requires knowledge of the source or origin of the duty. . . . An action ex
> contractu only, and not an action sounding in tort, can be maintained
> for a mere failure to perform a contract. . . . [If the cause of complaint
> is an act of omission or nonfeasance which, without proof of a contract
> to do what has been left undone, will not give rise to any cause of
> action, then the action is founded upon contract, and not upon tort.]

*Clausell*, 158 So. 3d at 391 (quoting *Hazell*, 161 So.2d at 624).  The court of appeals

recognized the following exception to this general rule:

-9-

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

*Clausell*, 158 So. 3d at 391 (citing Restatement (Second) of Torts § 323 (1965)).

Under this exception, "the tort duty founded on contract is breached not by failing to perform the contract obligation at all but by causing damages due to carelessness in the performance of the contract." *Steel Dynamics Columbus, LLC v. Altech Env't USA Corp.*, 273 F. Supp. 3d 627, 638 (N.D. Miss. 2017), *aff'd sub nom. Steel Dynamics Columbus, L.L.C. v. Altech Env't USA Corp.*, 734 F. App'x 234 (5th Cir. 2018); *see also River Prod. Co. v. Baker Hughes Prod. Tools, Inc.*, 98 F.3d 857, 859 (5th Cir. 1996) ("Whenever a person does some act, the law imposes a duty upon that person to take reasonable care in performing that act."); *Garrett*, 582 So.2d at 391 (holding that a duty of care may arise by operation "of the basic rule of the common law which imposes on every person engaged in the prosecution of any undertaking an obligation to use due care, or to so govern his actions as not to endanger the person or property of others.").

Bryant has not demonstrated that Syncom owed him a due to perform repairs at Stennis in a timely fashion. Syncom owed a contractual duty to NASA to perform repairs, but Bryant was not a party to that contract, a third party beneficiary of that contract, or otherwise in privity with that contract. *See Rein v. Benchmark Const. Co.*, 865 So. 2d 1134, 1146 (Miss. 2004) ("No right against the contract

-10-

promisor or promisee is acquired by a mere incidental beneficiary."). Furthermore, Bryant is generally not permitted to assert a tort claim based on the contractual duties Syncom owed to NASA. *See Hazell*, 161 So.2d at 624 ("If the cause of complaint is an act of omission or nonfeasance which, without proof of a contract to do what has been left undone, will not give rise to any cause of action, then the action is founded upon contract, and not upon tort.") Finally, Syncom did not assume a duty by attempting to repair the door or negligently repairing the door prior to Bryant's injury; therefore, the Restatement (Second) of Torts § 323 exception does not apply.

## CONCLUSION

Since Bryant has not demonstrated that Syncom owed him a duty, Syncom is entitled to summary judgment.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Syncom Space Services, LLC's [40] Motion for Summary Judgment is **GRANTED**. Michael Bryant's claims against Syncom Space Services, LLC, are hereby **DISMISSED WITH PREJUDICE**. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Michael Bryant's [36] Motion to Strike Expert Witness, David C. Randolph, is **MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Syncom Space Services, LLC's [38] Motion to Dismiss pursuant to Rule 12(b)(6) is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 30th day of April, 2024.

*s/ Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE